Next case in the call today is agenda number two, number 129244, People of the State of Illinois v. Char Shunick. Counsel. Good morning, Your Honors. May it please the Court, my name is Austin Wright. I'm with the Office of the State Appellate Defender, and I represent Mr. Char Shunick. This is to certify that I have on this date served true and correct copies before going to the Clerk of the Circuit Court of Knox County and Knox County State's Attorney via U.S. Mail postage fully prepaid on this 26th day of October 2021 by depositing the same in the institutional mailbox at Dixon Correctional Center. The Fourth District found that this signed certification did not substantially comply with Rule 1236. As the Fourth District found that this language was so lacking in necessary substance that Mr. Shunick may well not have even filed proof of timely mailing because either way his appeal would be dismissed. Your Honors, this is not only unjust, it is entirely incongruous with the purpose of Rule 12, which is to establish the date a document was mailed to confer jurisdiction. This Court should reverse the Fourth District's dismissal order below and remand either for that Court to consider the merits of this post-conviction appeal or for Mr. Shunick to be given an opportunity to supplement his certificate to remedy any facial deficiencies. Counsel, your client was required to certify that the statements in the instrument were true and correct, right? Not that the copy was true and correct? Excuse me, could you repeat that question? I'm talking about Section 1-109 where it says that you're to certify that the statements in the instrument, the document, are true and correct versus where your client certified that the copies were true and correct. Correct. The model language in Section 1-109 says in this instrument, which typically is used to refer to the substantive document it is appended to versus here, he said foregoing, so he also referred to the substantive document. But in evaluating what he said, it's absolutely essential to keep in mind who he is and the circumstances that he was under when he drafted that certificate. He's an incarcerated, self-represented litigant and he looked at the model language in Section 1-109 and he took certify and he took true and correct. And he also did not include the address, is that right? He did not put a street address on the face of the proof of mailing, no. But requiring each of those things to strictly be on the face of the proof of mailing as allowing for the purpose of the rule to be fulfilled is more akin to strict compliance and this court has never required strict compliance with Rule 12 as it relates to the wording of the certificate. We know that a certificate may absolutely need to be filed after people versus English, however, this court has never said that the face of the proof of mailing is all that matters. So as to the address requirement where the record shows that he on the face of the certificate, he certified that he specifically sent the motion to reconsider to the circuit clerk of the Knox County Court and not just any old clerk. And then where the record shows that the clerk acknowledged receipt a week later, like with this court's other rules, which should look to the entirety of the record and determining whether there was substantial compliance. And here I think it would be important to note that considering that clear receipt is consistent with Rule 12, which has always allowed a mailing to be proven by a written acknowledgement of the recipient. And so we're not asking for Mr. Shinnock to be allowed to supply a wholly substituted form of proof. We're not saying there's just a postmark or postage meter stamp or a label from an automated postal center or a cover letter from an attorney. We're just asking that his specific representation in the document that he did file be considered in light of the record. And so, like I said, the purpose of Rule 12 is to establish the date the document was mailed to confer jurisdiction on the court. And here, Mr. Shinnock certified as true and correct that he placed a document in the mail timely on October 26th addressed to the clerk. And that representation left him subject to a number of penalties as provided by law. These things taken together are sufficient to establish substantial compliance. Assuming this court disagrees with that analysis, it should nonetheless reverse because the appellate court has the necessary authority to order a limited procedural remand to make certain of its jurisdiction in a case that's pending before it. And exercising that discretion would have been appropriate in this case. This court in Bailey said that the appellate court does not have authority over the substantive merits of a case where the trial court lacked jurisdiction. But that does not mean the appellate court is without authority at all. In those circumstances, the court is limited to considering the issue of jurisdiction below. In so stating, Bailey did not limit the method by which the appellate court can make itself certain of jurisdiction. And this much is apparent from the First District's decision in Cooper, which recognized that Rule 615B empowers the appellate court to exercise authority not only in relation to the judgment or order being appealed from, but the proceedings related thereto. And so what that is is it's simply a reflection of all that I can tell has been a longstanding recognition that courts have an inherent authority to explore the boundaries of their jurisdiction. The state's position that the appellate court cannot exercise that authority here is circular. It says because there is some question as to jurisdiction, there can be no Rule 615B authority. And because there's no Rule 615B authority, there must remain a question as to jurisdiction perpetuity, and thus dismissal is appropriate. None of the cases cited by the state support that conclusion. And it's also important here to consider that a remand for supplementation or just a Cooper-style remand in general does not require long, protracted proceedings in the circuit court. It merely requires that which courts do with great regularity, and that is supplement the record. Counsel, I have a basic question. If there was no address written at all, so if we find that substantial compliance is satisfied when there is no address written, doesn't that break that requirement completely out of the statutory language? No, I don't think it renders the requirement superfluous because at the very least, he stated specifically who the document was to be delivered to. And that, where there's no dispute as to the recipient, doesn't write the requirement out of the rule. It still serves that fundamental purpose, which is that the correct party was mailed a document within that 30-day period. But that's not what the language says. It says a complete address. Do we have authority to write that requirement out of the rule? It seems to me that that's what your argument suggests. If this court were to, that's sort of the logic of the third district decision in Weiner, and if no street address means there cannot be substantial compliance, while I believe that would be akin to this court holding that strict compliance with Rule 12 is necessary, no, I agree that the certificate itself would not be compliant. And that, but that would necessitate the Cooper relief even more, is that he made a good faith effort at compliance to file that certificate, and he left off, he left off an address, but as this court said in Secura, the critical part of that certificate is establishing a timely date of mailing and that representation being subject to some form of punishment. Well, in this case, the mailing got to the clerk. So your argument is that that suggests that the address, he complied with the address requirement. But is that what the statutory language says? I mean, how does that apply in general? If we don't require the statutory language to be complied with, in this case, what happens? I mean, is that a precedent that we're setting that it's okay not to put the address? I don't think this court would be sending a message that it's okay to not require what this rule is. Of course, this court has been very clear that its rules are not aspirational. But in assessing what standard is necessary to comply, to meet that standard, strictly requiring that he put 200 North Cherry Street and Galesburg is not necessary to effectuate why this court put Rule 12 on the books. And I don't think it would be sending a large-scale message to recognize that Mr. Schoenig is an incarcerated, self-represented litigant with a high school education in accepting his representation that he timely mailed the document. And like I said, assuming insubstantial compliance and turning back to the remedy under Cooper, it doesn't require long, protracted proceedings. Courts regularly allow supplementation. For more than 50 years, this court has allowed the record to be supplemented with attorney certificates of compliance where either they were facially deficiently filed or in Harris where it didn't even appear in the record at all. So if attorneys can supplement a record where they've maybe filed a facially deficient certificate, then I think it is especially critical to allow pro se incarcerated litigants to have the same opportunity. So there is nothing in this court's jurisprudence or its rules that limit the appellate court's authority to order a limited procedural remand to ascertain jurisdiction in a case that is pending before it. This court should adopt Cooper, and it should reverse the 4th District's dismissal order. But if nothing else, this court should exercise its supervisory authority because the circumstances of this case combined to render the appellate process inadequate if not nonexistent. The circuit court proposed a deal with Mr. Schoenig that required him to forego his fundamental right to a direct appeal. But in expressing the terms of that offer to Mr. Schoenig, the court was explicit. It said you can still pursue constitutional issues that are raised in a post-conviction petition. But when Schar followed through, he performed, he waived his right to a direct appeal, he filed a post-conviction petition, the court summarily dismissed his claims referencing the exchange, saying he had already received the benefit of his bargain. Then Mr. Schoenig attempted to call the court's attention to its error. He filed a motion to reconsider, and that motion also sought leave to add another claim related to the denial of his jury trial right in this case. And the court summarily rejected that motion about a month later. And then when Mr. Schoenig brought this concerning case to the appellate court, this bait-and-switch procedure was upheld simply because there were technical deficiencies in a document that he did file. This court can remedy this injustice by exercising its supervisory authority. And here it's important to distinguish why this case is different from English. In English, the petitioner filed a notice of appeal. This court's rules, of course, are extremely flexible in terms of fixing substantive defects and notices of appeal and timing issues related thereto. But the same doesn't apply in cases related to motions to reconsider. It sort of begs the question, why would Mr. Schoenig have filed a motion to reconsider in this case? I'm sorry, a late notice of appeal in this case. He thought his motion to reconsider was timely. The circuit court was satisfied that it had jurisdiction. It issued a substantive merits-based ruling about a month later. Initial appellate counsel was presumably satisfied the case was timely. The state referred to the case as being timely in its brief to the 4th District. So what requiring Mr. Schoenig to file a late notice of appeal in this case would do would require him to skip over his post-judgment motion and relate back to the date of judgment. So here that would have required him to forego the jury trial claim. In guilty plea cases, requiring late notice of appeal based on a deficient proof of mailing would mean no appeal at all. Because, of course, the notice of appeal would relate back to the date of the plea and not the required Rule 604D motion. And so, of course, the appellate court has no authority to hear the merits where there's been no appeal from a post-plea motion. And moreover, this court's supervisory authority has never been synonymous with Rule 606. This court regularly excuses missed deadlines via its supervisory authority, and this case presents an appropriate circumstance to do so here. In closing, I would just like to point out, it's essential to consider what Mr. Schoenig did in this appeal. He made a good faith effort at compliance with Rule 12. He supplied a document that touched on each of the Rule's three requirements, and the record strongly supports the inference that he addressed the document correctly. He mailed it timely. These are not circumstances that warrant an abrupt appellate dismissal, particularly one based on technical deficiencies on the face of a document he filed. So, for any of the reasons that I've discussed today in the briefing, I would ask this court to reverse the fourth district and remand either for consideration of the merits or for Mr. Schoenig to be given the opportunity to supplement his certificate to correct any facial deficiencies. If this court has no questions for me, I will sit down. Thank you. Counsel for the appellate. Good morning, your honors, counsel. Thank you, and may it please the court. I am Aaron Williams from the Office of the Attorney General on behalf of the people of the state of Illinois. So, I think I'd like to start by briefly recapping English. So, last year, while the parties were briefing this case, the court decided English, which I think resolves a lot of the issues in this case presented as well. In English, there was also a certificate of service. Johnny English filed a notice of appeal along with an enclosed certificate of service in which he stated that he mailed the attached document on a date before it was due to the clerk at a specified address. But he did not certify any of that under penalty of perjury. And so he conceded, and this court agreed, that that was not a certification under Section 1109 of the Civil Code of Procedure in compliance with Rule 12b-6. And because it held that a compliance certificate of service is the sole means of proving timely mailing for purposes of the prison mailbox rule, it concluded that he could not invoke that rule. Even though, in that case, there was a postage meter stamp mailing envelope confirming that he did, in fact, timely mail his notice of appeal. Now, in this case, we don't have competent extrinsic evidence showing that he did actually timely mail his petitioner's motion to reconsider the dismissal of his PC petition. We only have his word. But, like in English, he did not certify anything under penalty of perjury. And so he did not supply the form of proof that this court prescribed in its rule, a Section 1109 certification, and said in Rule 373, shall be used. Now, there's a couple of problems with the certificate of service. I think the court touched on some of those in questioning my opponents earlier. There was no address when the rule calls for a complete address, and he did not actually say that the contents of the certificate of service were true, but rather that he served true and correct copies. And those are both problems, but there's a bigger problem with all of it, which is just that he didn't certify anything under penalty of perjury. Although it is true that Section 1109 only requires language in substantially the provided form, there's no dispute here as to what substantially means in general or that petitioner was so required to provide. Language containing the essential parts of the provided language, the main parts. Counsel, he – the opposing counsel is saying you're arguing for a strict compliance standard, not substantial. Obviously, he disagrees. Why is what you're arguing not strict compliance? It's not strict compliance because he was not required to recite verbatim the model language in Section 1109. He was merely required to have all of the main parts of that language, the essential parts of that language. And there can be no credible argument that penalty of perjury or penalties as provided by law in the section is not an essential part of Section 1109 certification. That is the essential part of Section 1109 certification, which is a form of statutory alternative to a sworn notarized affidavit. Just as sworn and notarized affidavits are considered reliable in large part because they subject the people executing them to the penalties of perjury, so too does a Section 1109 certification is considered reliable for the very same reason. Thus, Section 1109's own first paragraph provides that where – generally, unless otherwise provided – where something, a pleading or document is required to be verified or sworn under oath, that requirement is defined to include a, quote, certification under penalty of perjury as provided in the section. And the fourth paragraph creates a form of Class III felony perjury. The second paragraph calls for a certification in which the person attests that the contents of the relevant – the matters being verified are true and correct under the penalties as provided in that section, or simply under penalty of perjury, we believe to suffice. If attorneys are allowed to supplement these types of affidavits of record with something that maybe they've missed in one of these certifications, is there a reason why we shouldn't allow the defendant in this case to do so as well? Yes. I suppose there's two broad reasons. So maybe it might be simpler to think about it is why the trial court might not have allowed this sort of supplementation. Then there's the separate question of why the appellate court couldn't remand to enable that. So at the trial court level, an attorney certainly can supplement any number of certificates of service. A personal litigant could generally do so as well. The problem is jurisdiction. Where there's a final judgment entered and there isn't a timely post-judgment motion filed within 30 days, generally the trial court loses jurisdiction at that point to substantively alter its judgments and really do anything more than enforce the judgment or correct clerical errors. So because the petitioner's motion to reconsider, which was a post-judgment motion, was received more than 30 days after the entry of the final judgment dismissing the PC petition, and there was no compliance certificate of service with it at that time, at that time, the petitioner could not invoke the mailbox rule and treat the motion to reconsider as filed before it was received. So at that time, there was no timely post-judgment motion. The trial court had lost jurisdiction. And it could not accept something to revest itself with jurisdiction at that point. And because the post-judgment motion was untimely, it also follows that the notice of appeal was untimely. Because only a timely motion directed against the judgment holds the time to file a notice of appeal under Rule 606B. Because the notice of appeal is untimely, the appellate court lacked jurisdiction. And I have to disagree with counsel. This is not an issue of limiting the appellate courts. It's not an issue of there being a question as to the appellate court's jurisdiction or limiting the appellate court's power to resolve that sort of question. The appellate court did resolve that question. That question was resolved when it rejected petitioner's first argument that he substantially complied with the mailbox rule. From that, it follows that he could not treat his post-judgment motion as filed before it was received. So his notice of appeal was late. So it lacked jurisdiction. There's no question left. Because the appellate court lacked jurisdiction, it could not remand under Rule 615B to cure the lack of its own jurisdiction. And here I must also disagree. This Court's jurisprudence plainly forecloses the exercise of remand or really the exercise of any powers, any remedial powers under Rule 615B. This Court has made clear that Rule 615B, the remedial powers under Rule 615B and civil appeals, its counterpart, Rule 366A, those powers presume that the appellate court has jurisdiction and that the matter is properly before the court. Here, it was not. I would also note that to the extent that petitioner argues that it is applying the rule as it is written is inequitable. I would have to disagree. And more importantly, the Court disagreed and rejected very similar equitable arguments a year ago last year in English. As the Court explained, the rule provides pro se litigants with a means of proving time in the mailing that is entirely within their control and that does not depend on the actions of third parties or the vicissitudes of the mail. It also does not depend on whether the clerk happened to include the mailing envelope in the record, which, as this case illustrates, sometimes may be not. In exchange for that power, the rule imposes the modest requirement that a litigant certify under penalty of perjury where, to whom, and the address to which they mailed their pleading. That is not an unreasonable expectation. And it is certainly easier to do that than it is to draft a PC petition or to attach notarized affidavits in support of the PC petition or any number of other things that the law requires pro se litigants to do. And finally, I guess I would just briefly argue that Petitioner has not shown extraordinary circumstances that would justify the exercise of this Court's supervisory authority. Okay, if there are no further questions, I would simply ask the Court to affirm. Thank you very much. Thank you, Your Honor. Counsel in reply. I'd just like to briefly, I think, emphasize on the certification requirement. The State points to the first paragraph of Section 1-109. It points to the fourth paragraph of Section 1-109. But it doesn't really put a whole lot of emphasis on the model language of Section 1-109, which is the relevant provision that's supposed to be put in the proof of mailing. And that model language does not include a reference to perjury. So that alone, coupled with the fact that the statute itself only requires that to be substantially in the form, indicates that a perjury or an explicit reference is not necessary to establish substantial compliance. And then, briefly to English, that case did not address the questions that are before this Court now. I'm not making an equity argument. I'm not saying the postmark is necessary, necessarily should be allowed as a substituted form of proof. I'm simply saying the certificate he filed, let's examine that and see if it accomplished the purpose of the rule. And in this case, it did. It established the date of jurisdiction. This Court stated insecure. It subjected him to a number of punishments provided by law. And it included the address, excuse me, the office to where it was being sent. And that office has been located in the same place, in the same courthouse, for 135 years. How did it subject him to penalty for perjury? Excuse me? You said that it was sufficient to subject him to possible perjury charges. Oh, I said that it sufficed to subject him to a number of punishments. No, I agree that under the perjury statute itself, this was not sworn on. So he wouldn't be subject to a prosecution should the State pursue perjury charges for an untruthful representation. However, the Court on its own initiative could pursue contempt section 22-105 of the Code of Civil Procedure or Rule 131-7 sections without ever asking the State to inquire into or attempt to punish Mr. Shunick for perjury charges. Rule 137, you think that's a reasonable possibility of how to enforce this? Well, like most other cases, the sanctions that are appropriate in a given case would be up to the circuit court. I don't know that – I wouldn't want to limit the imagination of trial courts. I'm sure they could find an appropriate sanction under 137, but I particularly think that constructive direct contempt proceedings, which are indirect contempt proceedings, would suffice. We've seen plenty of case law where the sentence for contempt of court is longer than the Class III felony perjury. I'm thinking of People v. Greiger where Chief Justice Kilbright's dissent set forth that school of thought that a 20-year sentence for contempt of court was particularly appropriate in that case. And I think that when we look at Section 1-109 and it's saying penalties provided by law that a threat of a lengthy prison sentence under contempt should suffice to establish the essence of that requirement. Your Honor, if there are no other questions, I would ask that this Court reverse the dismissal order. Thank you. Thank you. Attendant No. 2, No. 1292244, People v. State of Illinois v. Char Schument, will be taken under advisement. Thank you very much.